UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00467-CJC(JPRx)            Date: June 11, 2013

Title: <u>ALVIN LOFTIS AND ANNALIES LOFTIS V. HOMEWARD RESIDENTIAL, INC.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                    <u>  N/A  </u>
Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** [filed 4/13/13]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 17, 2013 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

Plaintiffs Alvin Loftis and Annalies Loftis (together, "Plaintiffs") originally filed this action in Orange County Superior Court on February 15, 2013. Defendant Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. ("Defendant") removed the case to this Court on the basis of diversity jurisdiction on March 22, 2013. (Dkt. No. 1 [Notice of Removal].) Plaintiffs filed the operative First Amended Complaint ("FAC") on March 28, 2013. (Dkt. No. 5.) Plaintiffs' FAC concerns a purported loan modification with Defendant concerning the property located at 9131 El Cortez Avenue, Fountain Valley, CA 92708 (the "Subject Property"). Plaintiffs allege that they entered into a permanent loan modification with Defendant, and that Defendant subsequently failed to honor the modification agreement. Plaintiffs bring claims for breach of contract, promissory estoppel, and conversion. Defendant filed a motion to dismiss the FAC on April 23, 2013. (Dkt. No. 8.) For the following reasons, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00467-CJC(JPRx)                          Date: June 11, 2013
                                                                                               Page 2

       Plaintiffs allege that they refinanced their mortgage loan on the Subject Property on March 3, 2006, and that Defendant became the loan servicer. (FAC ¶¶ 11, 12.) They allege that they encountered difficulty making their mortgage payments, and were placed in a trial loan modification plan. (FAC ¶¶ 13, 14.) They ultimately qualified for a permanent modification under the Home Affordable Modification Program, and Defendant sent them an offer letter congratulating them on their eligibility for a modification. (FAC ¶ 14, Exh. A.) Defendant enclosed copies of a Home Affordable Modification Agreement, (the "Agreement") along with the letter, which explained: "How to Accept This Offer: STEP 1. COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE . . . . STEP 2. CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME . . . ." (FAC Exh. A.) Plaintiffs allege that they complied with these instructions. (FAC ¶ 16.) However, they also allege that they received a letter on February 13, 2012 rejecting their mortgage payment (FAC Exh. B), and that Defendant subsequently raised the loan's interest rate in violation of the Agreement on March 19, 2012, (FAC ¶ 25, Exh. C). The Subject Property was ultimately sold at a trustee's sale in late 2012.

Discussion

       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the Court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). However, "mere legal conclusions" are not entitled to an assumption of truth, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and the complaint must contain more than "a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00467-CJC(JPRx)                          Date:  June 11, 2013
                                                                                                                          Page 3

---

      Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Although the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment of the complaint would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

**Breach of Contract**

      Defendant argues that Plaintiffs' breach of contract claim fails because an agreement was never formed, the claim is barred by the statute of frauds, and Plaintiffs have not alleged damages caused by any breach.  Defendant disputes that Plaintiffs ever accepted the offer by signing, notarizing, and returning the required documents by the due date, and contend that the motion to dismiss should be granted because Plaintiffs have not presented a signed, notarized version of the Agreement as an exhibit to the FAC.  But at this stage in the proceedings, Plaintiffs need not present evidence, and their well-pleaded allegations are taken as true.  Plaintiffs have presented an offer letter from Defendant congratulating them on their eligibility for a loan modification, enclosing the Agreement, and explaining how to accept the modification offer.  (FAC Exh. A.)  Plaintiffs allege that they accepted the offer by timely returning the signed and notarized Agreement, (FAC ¶¶ 15–16, 21), and making payments in accordance with the modified payment schedule, (FAC ¶¶ 16, 22).[1]

      Defendant's contention that the statute of frauds bars Plaintiffs' breach of contract claim is unpersuasive.  Defendant is correct that in California, the statute of frauds applies to loan modification agreements. *Justo v. Indymac Bancorp*, SACV 09-1116JVS AGRX, 2010 WL 623715, at *7 (C.D. Cal. Feb. 19, 2010).  Mortgages and deeds of trust

---

[1]  The Court does not consider the letter apparently sent by Defendant on February 1, 2012 informing Plaintiffs that their modification was denied because Defendant did not receive the executed Agreement by the due date.  (*See* Dkt. No. 9 [Def.'s Req. for Judicial Notice] Exh. 8.)  This document is not suitable for judicial notice, is inappropriate extrinsic evidence on a motion to dismiss, and in any event does not conclusively show that Plaintiffs did not mail the signed and notarized documents by the due date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00467-CJC(JPRx)             Date: June 11, 2013
            Page 4

---

fall under the statute of frauds, Cal Civ. Code § 2922, as do agreements to modify a contract subject to the statute of frauds, Cal. Civ. Code § 1698. Here, the offer letter sent by Defendant on its letterhead and signed "American Home Mortgage Servicing, Inc." is a sufficient "note or memorandum thereof . . . in writing and subscribed by the party to be charged" to satisfy the statute of frauds. Cal. Civ. Code § 1624. Although it appears that Defendant never returned a signed copy of the Agreement to Plaintiffs, the contract was memorialized in writing by Defendant through the correspondence which offered the modification, summarized the modification, and enclosed the Agreement itself. This is adequate to satisfy the Court that Defendant intended to be bound by the Agreement so long as Plaintiff returned the agreement and made any remaining payments on time. *See Goodman v. Community Sav. & Loan Assoc.*, 246 Cal. App. 2d 13, 22 (1966) ("A memorandum of agreement sufficient to meet the requirements of the statute of frauds may be evidenced by several writings such as an exchange of letters . . . or in a writing from one party to the other acted upon by the other."). This conclusion is consistent with the rulings of other California district courts. *See Owens v. Bank of Am., N.A.*, No. 11-cv-4580-YGR, 2013 U.S. Dist. LEXIS 61801, at *9–*10 (N.D. Cal. Apr. 30, 2013) (rejecting lender's argument that modification offer letter did not satisfy statute of frauds for a breach of contract claim based on a modification agreement where letter was addressed to plaintiffs, referenced loan number, was printed on bank letterhead, specified all terms, and contained a cover letter closed with "Sincerely, Loss Mitigation"); *Rampp v. Ocwen Fin. Corp.*, No. 11cv3017 BTM(NLS), 2012 U.S. Dist. LEXIS 102252, at *6–*8 (S.D. Cal. July 23, 2012) (offer letter which contained the terms of the modification was "intended to authenticate the writing as an offer" and upon the plaintiffs' acceptance, "the modification agreement became an enforceable contract that satisfies the statute of frauds").

      Plaintiffs allege that as a result of the breach, they lost their home to foreclosure and incurred substantial charges and fees. (FAC ¶ 26.) Defendant argues that Plaintiffs have not and cannot allege that they were damaged by any breach because the foreclosure of the Subject Property was "solely a result of Plaintiffs' continued default on their Loan payments and failure to cure the default on their Loan." (Def.'s Reply at 7.) However, Plaintiffs allege that they successfully made payments under a trial plan, (FAC ¶ 14), and attempted to make a full payment under the Agreement, (FAC ¶¶ 14, 16, Exh. B). Plaintiffs allege that Defendant rejected the payment, (FAC ¶ 16, Exh. B), and subsequently raised the interest rate on the loan in violation of the Agreement, (FAC ¶¶ 18, 21, 25, Exh. C). This adjustment had the effect of substantially increasing Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00467-CJC(JPRx)                      Date: June 11, 2013

                                                                                                        Page 5

---

monthly payments, (FAC ¶ 18), and the Subject Property was ultimately sold at a trustee's sale, (FAC ¶ 19). These allegations raise the inference that Plaintiffs may have been able to avoid foreclosure if Defendant had honored the Agreement. Defendant's request to dismiss Plaintiffs' breach of contract claim is denied.

### Promissory Estoppel

Defendant next argues that Plaintiffs' promissory estoppel claim fails because they have not alleged a clear and unambiguous promise, they cannot allege any reasonable and foreseeable reliance, and there is no causal connection between the purported promise and the alleged damages. The Court finds that Plaintiffs have alleged a clear and unambiguous promise. The offer letter states, "if you comply with the terms of the Home Affordable Modification Trial Period Plan, we will modify your mortgage loan and waive all prior late charges." (FAC Exh. A (emphasis added).) As stated above, Plaintiffs allege they took all required steps to accept Defendant's offer. Next, Plaintiffs do allege reasonable and foreseeable reliance because they allege they relied on Defendant's representations instead of "refinancing with another lender, selling the subject property, or filing a petition under Chapters 7 or 13 of the United States Bankruptcy Code, any one of which would have been a viable option for a homeowner facing financial hardship." (FAC ¶ 30.) Defendant argues that Plaintiffs had sufficient time to take these actions after the alleged breach in order to avoid foreclosure, but the fact that Plaintiffs could have potentially ameliorated the effects of their reliance does not mean that Plaintiffs did not reasonably and foreseeably rely on Defendant's representations by giving up alternatives in the first instance. Finally, Plaintiffs have sufficiently alleged damages for the same reasons they have sufficiently alleged contract damages. Plaintiffs adequately allege promissory estoppel.

### Conversion

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). Plaintiffs allege that they made monthly payments to Defendant beginning on January 1, 2012 under the impression those payments were being used to satisfy the modified payment schedule. They allege that Defendant retained these funds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00467-CJC(JPRx)            Date: June 11, 2013
                                                                                                                                       Page 6

---

after breaching the Agreement, and that when they learned Defendant would not honor the Agreement, they "ceased to consent to these payments' retention." (FAC ¶ 37.) It is unclear what payments Plaintiffs are referring to. The FAC does not contain specific allegations concerning any payment other than payment made by check on January 21, 2012 and returned by Defendant in a letter dated February 13, 2012. (FAC Exh. B.) Plaintiffs refer to the disputed payments only as "these funds." (FAC ¶ 38.) The claim thus fails because it is too vague to put Defendant on notice of the claim against it and because California permits conversion claims over money only when "there is a specific, identifiable sum involved." *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007). Although Plaintiffs did not address their conversion claim in opposition to the motion to dismiss, the Court cannot conclude that amendment would be futile. Accordingly, the claim is dismissed with leave to amend.

## Conclusion

       For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' breach of contract and promissory estoppel claims may proceed, and Plaintiffs' conversion claim is **DISMISSED WITH LEAVE TO AMEND**. Plaintiffs shall file an amended complaint within ten (10) days should they be able to sufficiently allege a cause of action for conversion.

jmc

MINUTES FORM 11
CIVIL-GEN                                                                          Initials of Deputy Clerk MU